IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | C O M P L A I N T |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE CHILDREN'S HOME, INC., | ) | |
| Defendant. | ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Luis Vazquez. As alleged with greater particularity in paragraphs 12 - 29 below, Defendant The Children's Home Inc., discriminated against Charging Party Luis Vazquez when it failed to consider him for a newly created position based on his sex, male, and then retaliated against him by denying him other job opportunities because he opposed their discrimination.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1)

1

and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant The Children's Home Inc. ("TCHI"), a Florida non-profit corporation, has continuously been doing business in the State of Florida and within Hillsborough County and has continuously had at least 15 employees.

5. At all relevant times, Defendant TCHI has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Luis Vazquez filed a charge with the Commission alleging violations of Title VII by Defendant TCHI.

7. The Commission conducted an investigation.

8. On or about June 9, 2017, at the conclusion of its investigation, the Commission issued a Letter of Determination to Defendant TCHI finding reasonable cause to believe that Title VII was violated.

9. The Commission invited Defendant TCHI to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On July 6, 2017, the Commission issued a Notice of Failure of Conciliation to Defendant TCHI advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Luis Vazquez is a male.

13. On or about September 8, 2014, Vazquez was hired as a "Transitions Program" Bilingual Youth Caregiver at TCHI.

14. On or about February 2015, Vazquez was promoted by Transitions Program Cottage Supervisor Ines Dupres to one of the Transitions Program's Primary Team Leader positions.

15. Vazquez performed well as the Transitions Program's Primary Team Leader.

16. On or about September 2015, Transitions Program employees were notified that funding for the program was discontinued and, as a result, program employees would be laid off on or before the end of the month unless hired into other programs run by TCHI.

17. TCHI encouraged employees to apply for positions in the other programs it operated.

18. At approximately the same time that TCHI lost funding for the Transitions Program, it obtained funding for a new program, currently known as the "Adolescents in Motherhood Maternity Program."

19. TCHI sought to hire new employees for the Adolescents in Motherhood Maternity program for positions including, but not limited to, Maternity Home Cottage Supervisor and Maternity Home Primary Lead.

20. Vazquez submitted applications to TCHI for both the Maternity Home Cottage Supervisor and Maternity Home Primary Lead positions.

21. On or about September 16, 2015, Vazquez met with John Zambito, Director of Residential Services, to discuss his applications for the Motherhood Maternity Program positions and his qualifications for them.

22. During the discussion, Zambito informed Vazquez that he "wasn't sure if they would accept males to work at the new Motherhood program" and, as a result, Zambito suggested Vazquez should seek a position in the Residential program.

23. The following day, Vazquez met with Rosemarie Kesselring, TCHI's Chief of Human Resources, wherein he expressed his interest in supervisory positions in the Motherhood Maternity Program and directly asked Kesselring if males were being considered for the program.

24. Kesselring responded by asking: "can you imagine males changing pampers, working with babies and with pregnant girls?" or similar words to the same effect.

25. Vazquez nevertheless advised Kesselring that he remained interested in the Maternity Motherhood positions.

26. On or about September 18, 2016, Vazquez met with Zambito again where he was once again encouraged to seek employment in a program other than the Motherhood Maternity Program.

27. Zambito told Vazquez that he believed young ladies in a Maternity Home may be uncomfortable with males around them because of their hormonal changes.

28. Vazquez told Zambito that it was unfair that he was being denied consideration for the Motherhood Maternity Program because he is male, but told Zambito that he would think about a position in the Residential program nevertheless.

29. After some thought, on September 21, 2015, Vazquez sent an email to Zambito, Kesselring and is former supervisor, Dupres, reiterating his interest in the supervisory positions in the Motherhood Maternity Program.

30. The following day, Vazquez was called into a meeting with Kesselring where she informed him that he was being laid off effective September 29, 2015.

31. Kesselring also told Vazquez that she decided to hire Dupres for the Maternity Cottage Supervisor position and Ada Kain, Vazquez's female subordinate, for the Maternity Home Primary Lead position.

32. Ada Kain has less relevant experience and qualifications for the Maternity Home Primary Lead position than Vazquez.

33. When Vazquez inquired about the availability of Residential Program positions, Kesselring informed him there were no longer any positions available.

34. Consistent with TCHI's policy of reporting sex discrimination and retaliation, Vazquez sent an email to TCHI's Chief Executive Officer, Irene Rickus, its Chief Financial Officer, Mary Lu Kiley, and its Chief Operating Officer, Douglas Bolin complaining about the discrimination.

35. The following day, Chief Operating Officer Bolin responded to Vazquez's email, telling him that TCHI selected the "most qualified candidates for the position based on their specific experience and education."

36. Vazquez advised Bolin that he was told that males were not a good fit for the Motherhood Maternity program and, after he complained, subsequently advised that there were no positions in the Residential Program for him either.

37. Vazquez never received any further response from Bolin, or any other TCHI management employee.

38. Vazquez was not rehired and/or retained for any positions at TCHI and was terminated effective September 29, 2015.

39. As a result, Vazquez has suffered damages.

## STATEMENT OF CLAIMS

40. Paragraphs 1 through 39 are incorporated herein.

41. Defendant TCHI has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2, by failing to hire/rehire and/or retain Vazquez because of his sex (male).

42. Defendant TCHI has engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. 2000(e)-3, by failing to hire/ rehire

6

and/or retain Vazquez in retaliation for opposing discriminatory conduct.

43. The effect of the practices complained of in paragraphs 12 - 39 above has been to deprive Luis Vazquez of equal employment opportunities and otherwise adversely affect his status as an employee or an applicant for employment, because of his sex, male.

44. The unlawful practices complained of in paragraphs 12 - 39 were intentional and caused Vazquez to suffer emotional distress including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/ or physical damages.

45. The unlawful employment practices complained of in paragraphs 12 - 39 above were intentional and done with malice or with reckless indifference to the federally protected rights of Vazquez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant TCHI, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation and sex-based discrimination.

B. Order Defendant TCHI to institute and carry out policies, practices, and programs which provide equal employment opportunities for males and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant TCHI to instate/reinstate Charging Party Luis Vazquez and/or if this is not feasible, award appropriate front pay;

D.   Grant a judgment requiring Defendant TCHI to make Charging Party Luis Vazquez whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

E.   Order Defendant TCHI to make Charging Party Luis Vazquez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 - 39 above, including relocation expenses and job search expenses, in amounts to be determined at trial.

F.   Order Defendant TCHI to make Charging Party Luis Vazquez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 - 39 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order Defendant TCHI to pay Charging Party Luis Vazquez punitive damages for its intentional, malicious and reckless conduct, as described in paragraphs 12 - 39 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729

_____

AARRIN GOLSON
Trial Attorney
Fla. Bar No. 892491
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (305) 808-1783
Facsimile: (305) 808-1835